FILED'10 DEC 09 15:54USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULIO GARRIDO,                              Civil No. 10-845-AA
                                            OPINION AND ORDER
          Plaintiff,

     vs.

BEALL CORPORATION, dba BEALL
TRAILERS OF OREGON, INC.,

          Defendant.

---

Daniel Snyder
Erin McCool
Law Offices of Daniel Snyder
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
     Attorneys for plaintiff

Wayne D. Landsverk
Miller Nash LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204-3699
     Attorney for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff's Complaint alleges an employment discrimination action against his former employer, defendant Beall Corporation. Plaintiff's claims include a violation of worker's compensation discrimination laws, Family Medical Leave Act violations (state and federal), Americans with Disabilities Act (ADA), Oregon Rehabilitation Act, Age Discrimination in Employment Act (ADEA), and wrongful termination. Defendant filed a motion to dismiss against plaintiff's Complaint. Defendant's motion is denied.

## STANDARDS

Under Fed. R. Civ. P. 12(b)(6), once a claim has been stated adequately, it may be supported by "showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984). The complaint must allege, however, "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. For the purpose of the motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983).

## DISCUSSION

In support of its motion to dismiss, defendant submitted the affidavit of James Olson, the Vice President/General Manager of

Page 2 - OPINION AND ORDER

Beall Trailers.  In general, a district court "may not consider
any material beyond the pleadings" when ruling on a motion to
dismiss.  Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998)
(quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).
However, a district court may consider documents specifically
referenced in the complaint, assuming the documents' authenticity
is not contested.  Id.  Accordingly, I consider only the exhibits
to Olson's affidavit that plaintiff specifically referenced in
his complaint.  Those exhibits include the following: exhibit 1,
the collective bargaining agreement; exhibit 2, the termination
letter from Olson to plaintiff; exhibit 3, plaintiff's grievance
form; and exhibit 4, the letter from Olson to plaintiff regarding
his grievance.  The remainder of the exhibits are not
specifically referenced in plaintiff's Complaint and, therefore,
will not be considered.

1.  FMLA (Second Claim) & OFLA (Third Claim)

    Defendant moves to dismiss plaintiff's Family Medical Leave
Act (FMLA) claim (claim two) and Oregon Family Leave Act (OFLA)
claim (claim three).

    Defendant contends that plaintiff's FMLA and OFLA claims
must fail because he was properly laid off under his collective
bargaining agreement (CBA).  In support of its argument,
defendant relies on Olson's affidavit, citing the union's
determination that plaintiff's layoff did not violate the CBA.

However, the union's determination was never specifically
referenced in plaintiff's Complaint and therefore outside the
scope of the pleadings.

Moreover, plaintiff's allegations are sufficient to support
both a FMLA and an OFLA claim. Specifically, plaintiff alleged
that he took FMLA/OFLA leave from defendant, his employer, and
that defendant failed to return plaintiff to employment when his
leave ended. Complaint, p. 6. Consequently, dismissing
plaintiff's FMLA and OFLA claims is inappropriate at this time.

2. ADA (Fourth Claim) & Oregon Rehabilitation Act (Fifth Claim)

Defendant also moves to dismiss plaintiff's ADA claim (claim
four) and Oregon Rehabilitation Act claim (claim five).
Defendant does not argue that plaintiff's allegations are
insufficient, but argues instead that the CBA precludes
plaintiff's claims. In support, defendant relies on U.S. Airways
v. Barnett, 535 U.S. 391 (2002). However, Barnett involved a
motion for summary judgment, not a motion to dismiss and is
therefore distinguishable. See id. Thus, defendant's assertion
that plaintiff was laid off pursuant to the CBA is insufficient
to grant a motion to dismiss.

3. ADEA (Sixth Claim)

Defendant also moves to dismiss plaintiff's ADEA claim
(claim six). Similar to defendant's argument regarding
plaintiff's ADA claim, defendant does not contend plaintiff's

allegations are insufficient. Instead, defendant argues that the
court should look beyond plaintiff's Complaint and consider other
layoffs that occurred when plaintiff was laid off. Defendant
relies on Olson's affidavit and points to twenty-four employees
younger than plaintiff who were laid off to support its argument.
However, this evidence comes from an exhibit that plaintiff did
not specifically reference in his Complaint, and therefore, I
will not consider these other employees. Additionally,
defendant's argument ignores plaintiff's allegation that his name
was included with other "older guys" on a list of workers to
layoff. See Pl's. Complaint at ¶ 19. Based on this
contradiction, it appears defendant is asking this court to
determine whether there is currently sufficient evidence to find
for plaintiff. Such a weighing of evidence while appropriate for
a motion for summary judgment, is wholly inappropriate for a
motion to dismiss. Thus, defendant's motion is denied.

## 4. Workers' Compensation Discrimination (First Claim)

Defendant next moves to dismiss plaintiff's workers'
compensation claim (claim one), arguing that plaintiff's filing
for workers' compensation "had absolutely no correlation with
layoff decisions." Def.'s Mem. in Suppt. of Def. Beall Corp's.
Mot. to Dismiss, p. 8. Defendant further argues that no
correlation can exist because defendant has retained multiple
employees who have recently filed for workers' compensation

Page 5 - OPINION AND ORDER

discrimination.  Again, defendant's argument relies on facts

outside of the pleadings, which will not be considered.

Plaintiff sufficiently states a claim for workers' compensation

discrimination by alleging that defendant discriminated against

him for utilizing the workers' compensation system.  Complaint,

p. 7.  Accordingly, defendant's motion is denied.

5.  Wrongful Termination (Seventh Claim)

        Defendant moves to dismiss plaintiff's wrongful termination

claim (claim seven).  Defendant argues that dismissal is

appropriate for two independent reasons.  First, defendant

alleges it never discharged plaintiff and that there was nothing

wrongful about plaintiff's layoff.  Second, defendant maintains

that even if plaintiff was wrongfully terminated, an adequate

statutory remedy exists.

        Plaintiff adequately states a claim for wrongful termination

by alleging: 1) defendant terminated plaintiff's employment via

his termination letter and 2) that defendant terminated plaintiff

because he pursued FMLA/OFLA leave or workers' compensation, or

because of his age or disability.  Defendant argues that the

termination cannot be wrongful because it was pursuant to the

CBA, and that the National Labor Relations Board ("NLRB") agreed.

However, as stated repeatedly throughout this order, I cannot

consider evidence outside the pleadings or specifically

referenced in them.  Because the NLRB's decision is not

specifically referenced in the pleadings, I will not consider it.

Further, defendant has not met its burden of proving that an adequate statutory remedy exists.  Rather than citing case law declaring that plaintiff's other claims provide an adequate remedy, defendant makes a conclusory statement that the statutes referenced by plaintiff provide adequate remedy.  In other words, defendant appears to argue that the mere existence of a statutory remedy makes it adequate.  Defendant cites no authority for this assertion, while plaintiff provides case law demonstrating that FMLA, OFLA, and ADA claims do not automatically provide an adequate statutory remedy.  Oelke v. Costco Wholesale Corp., 2005 U.S. Dist. LEXIS 42165 (D. Or. Apr. 26, 2005).  Accordingly, defendant's motion is denied.

## 6.  Inconsistent Claims

Finally, defendant contends that plaintiff's Complaint fails because he alleges "inconsistent and irreconcilable claims." Def.'s Reply Mem., p. 5.  However, the Federal Rules of Civil Procedure explicitly allow a party to make inconsistent claims. Fed. Rules of Civ. Pro. 8(d)(3).  Further, none of the cases defendant cites in support involve a motion to dismiss.  Gross v. FBL Financial Servs., Inc., 129 S. Ct. 2343 (2009) (involving challenge to jury instructions); Serwatka v. Rockwell Automation, Inc., 591 F.3d 957 (same); Fairley v. Andrews, 578 F.3d 518 (7th Cir. 2009) (involving motion for summary judgment).  Accordingly,

the fact that plaintiff may have pled inconsistent claims does not warrant dismissal.

## CONCLUSION

Defendant's motion to dismiss (doc. 3) is DENIED.

IT IS SO ORDERED.

Dated this ⟋ day of December 2010.

_____

Ann Aiken
United States District Judge

Page 8 - OPINION AND ORDER